UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODIN NORDHEIM, Pro Se<br><br>  Plaintiff,<br><br>  v.<br><br>EOIR, et al.,<br><br>  Defendants. | Case No. 25-cv-08649-TLT<br><br>**ORDER SCREENING AND DISMISSING THIRD AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. Nos. 28, 29, 30, 31, 32, 33, 34 |

Self-represented litigant Odin Nordheim ("Plaintiff") seeks a writ of mandamus regarding adjudication of his asylum application by the immigration court. His second and third amended complaint are now subject to 28 U.S.C. § 1915 screening. The operative complaint challenges the immigration court's scheduling decisions. Because the Court lacks subject matter jurisdiction over claims arising from removal proceedings, Plaintiff's complaint is dismissed with prejudice.

Before the Court is Plaintiff's second amended complaint ("SAC"), ECF 28, third amended complaint ("TAC"), ECF 30, first motion to expedite, ECF 29, second motion to expedite, ECF 32, motion for miscellaneous relief, ECF 31, motion for reconsideration, ECF 33, and motion to appear in person at the case management conference, ECF 44.

After review of Plaintiff's amended complaints and pending motions, the relevant legal authority, and for the reasons stated below, the Court **DISMISSES as MOOT** Plaintiff's SAC and **SCREENS** and **DISMISSES WITH PREJUDICE** Plaintiff's TAC for lack of subject matter jurisdiction. Because the Court lacks jurisdiction over Plaintiff's claims concerning the timing of his removal proceedings, the Court **DENIES** all pending motions.

I.     BACKGROUND

Plaintiff originally filed a Form I-589 asylum application with U.S. Citizenship and

1   Immigration Services ) ("USCIS"). *See Nordheim v. USCIS*, No. 25-cv-4701 at ECF 45, 49.  On

2   July 30, 2025, Plaintiff's application was referred from USCIS to the Executive Office of

3   Immigration Review ("EOIR") to be adjudicated in removal proceedings.  *Id.*  EOIR now has

4   jurisdiction over plaintiff's asylum application and other immigration benefits.  *Id.* at ECF 45 at 6.

5         Plaintiff filed his original complaint against EOIR on October 9, 2025.  ECF 1.  Plaintiff

6   alleged unreasonable delay of his asylum application and sought a writ of mandamus.  *Id.*

7   Specifically, Plaintiff requested an order compelling EOIR to re-schedule his merits hearing and

8   promptly adjudicate his asylum application.  ECF 1.  Plaintiff brought claims under the

9   Administrative Procedures Act ("APA"), 5 U.S.C. § 706(1), the Mandamus Act, 28 U.S.C. §

10  1361, and the Due Process Clause of the Fifth Amendment.  *Id.* at 2.

11        On November 4, 2025, Magistrate Judge Joseph C. Spero recommended dismissal of

12  Plaintiff's complaint with leave to amend to name the Federal officer defendants responsible for

13  Plaintiff's asylum application.  ECF 8.  Plaintiff filed an opposition.  ECF 9.  On November 20,

14  2025, the Court adopted in part the report and recommendation and dismissed Plaintiff's

15  complaint.  ECF 22.  The Court ordered Plaintiff to "amend the complaint to name the Federal

16  officer(s) who would be responsible for complying with the requested mandamus relief."  ECF 22

17  at 4–5.  Plaintiff was "not granted leave to add new claims."  *Id.* at 6.

18        On November 21, 2025, Plaintiff filed a first amended complaint ("FAC").  ECF 26.  The

19  FAC no longer alleged unreasonable delay regarding Plaintiff's asylum application or removal

20  proceedings.  *See generally* ECF 26.  Instead, the FAC sought an order "requiring EOIR to . . .

21  ensure transparent, timely access to case materials" and "respond lawfully to FOIA requests."

22  ECF 26 at 4–5.  Plaintiff named EOIR as the only Defendant.  *Id.*  Plaintiff also filed a motion for

23  a temporary restraining order ("TRO") related to his FOIA request.  ECF 25 at 2.  The TRO

24  expressly did *not* "seek adjudication of immigration benefits."  *Id.*

25        On November 21, 2025, the Court screened and dismissed the FAC.  ECF 26.  Plaintiff

26  failed to name the proper federal defendants for his immigration mandamus claims and added new

27  claims in violation of the Court's order.  *Id.* at 5–6.  The Court denied Plaintiff's TRO for failure

28  to comply with Rule 65 and failure to demonstrate likelihood of success on the merits.  ECF 26 at

6. Plaintiff was granted leave to amend "a second and final time to name the proper Federal officer Defendants with respect to his request for a writ of mandamus regarding his immigration benefits." *Id.* at 9. The Court did not grant Plaintiff leave to add new claims. *Id.* The Court ordered Plaintiff to file a SAC by December 4, 2025 and serve the proper Defendants by December 19, 2025. *Id.*

On November 21, 2025, Plaintiff filed a SAC. ECF 28. Plaintiff removed the FOIA claims and sealing requests. *See id.* Plaintiff re-asserted his immigration mandamus request and the allegations from his original complaint, which averred "unreasonable delay" of his asylum application. *Id.* at 2–4. The SAC also followed Magistrate Judge Spero's directive and named the Federal officers associated with his request for mandamus. *Id.* at 1.

On November 24, 2025, Plaintiff requested (1) expedited consideration of pending motions "that control access to the record (ECF 23 and 24)," (2) expedited screening of the SAC, (3) an abbreviated briefing schedule, and (4) an early case management conference. ECF 29 at 9.

On November 28, 2025, Plaintiff filed a TAC. ECF 30. In the TAC, Plaintiff re-asserts his immigration mandamus request under the APA, Mandamus Act, and Due Process Clause. *Id.* at 1–11. The TAC names as Defendants: (1) EOIR; (2) Attorney General of the United States; (2) Director, EOIR; (2) Chief Immigration Judge, EOIR; (3) Assistant Chief Immigration Judge, San Francisco Immigration Court; (4) Secretary of DHS; (5) Director, ICE, San Francisco Field Office. ECF 30 at 1. Plaintiff seeks a declaration that Defendants unreasonably delayed adjudication of his asylum application by delaying his removal proceedings. *Id.* Plaintiff also seeks an order compelling EOIR to expedite Plaintiff's immigration court dates and thus, adjudication of his asylum application. *Id.*

Also on November 28, 2025, Plaintiff filed a "motion for miscellaneous relief" and "request for service by United States Marshal." ECF 31. Plaintiff, who is proceeding *pro se* and *in forma pauperis*, requests that the Court direct the U.S. Marshal to "effect service of the Third Amended Complaint and summons." *Id.* at 1.

Also on November 28, 2025, Plaintiff filed a second motion to shorten time. ECF 32. Plaintiff requests (1) "expedite[d] consideration of this action and the pending or forthcoming

3

1    motions for injunctive relief challenging EOIR's delay in scheduling and adjudicating Plaintiff's

2    removal proceedings" and (2) "an expedited briefing schedule and hearing date for Plaintiff's

3    renewed motion for preliminary injunction and any related motions." ECF 32 at 9.

4        On December 8, 2025, Plaintiff filed a motion to reconsider the Court's order dismissing

5    Plaintiff's original complaint, ECF 22. ECF 33. Plaintiff did not file a motion for leave to file a

6    motion to reconsider pursuant to Civ. L.R. 7-9(a).

7        On December 12, 2025, Plaintiff filed an administrative motion for leave to appear in

8    person at the initial case management conference. ECF 34.

## II. LEGAL STANDARDS

### A. Screening Pursuant to 28 U.S.C. § 1915(e)(2)

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint must be dismissed under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing that dismissal is warranted on Section 1915 review where subject matter jurisdiction is lacking); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### B. Amended Pleadings

Pursuant to Rule 15(a)(1), a plaintiff may amend its complaint once as a matter of course no later than twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(2). Pursuant to Rule 15(a)(2), a party may amend its pleadings in all other cases "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Amended complaints supersede the original, "the latter being treated thereafter as non-existent." *See Ramirez v. Cnty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

### III. PLAINTIFF'S THIRD AMENDED COMPLAINT IS SCREENED AND DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

The Court must first determine whether (A) the TAC is the operative complaint, and if so, (B) screen the TAC pursuant to 28 U.S.C. § 1915.

#### A. Plaintiff's Third Amended Complaint Was Properly Filed Pursuant to Rule 15(a)(1)(B) and is the Operative Complaint

Plaintiff's FAC and SAC were filed with the Court's leave pursuant to Rule 15(a)(2). The Court finds that the TAC was properly filed pursuant to Rule 15(a)(1), so the Court's leave is not required. Thus, the TAC is accepted as the operative complaint.

Rule 15 provides Plaintiff two different ways to amend his complaint. Plaintiffs may amend a complaint once "as a matter of course" within "(B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* 15(a)(2). Plaintiffs may exercise these options in whatever order they see fit. *See Ramirez*, 806 F.3d at 1007 ("Rule 15 is organized substantively, not chronologically. It does not prescribe any particular sequence for the exercise of its provisions. That is, it does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made.").

First, the FAC and SAC were properly filed pursuant to Rule 15(a)(2) because the Court expressly granted Plaintiff leave to file these amendments. *See* ECF 22 at 6 ("Plaintiff is granted leave to amend his complaint to name the proper Defendants."); ECF 27 at 9 ("Plaintiff is granted leave to amend his complaint a second and final time to name the proper Federal officer Defendants with respect to his request for a writ of mandamus regarding his immigration benefits."). Accordingly, neither amendment exhausted Plaintiff's right to amend as a matter of course pursuant to Rule 15(a)(1). *See Ramirez*, 806 F.3d at 1006–07 (recognizing that filing an amendment with the court's leave "is a . . . method of complying with Rule 15(a)(2)"); *Cal. Spine and Neurosurgery Institute v. Anthem Blue Cross Life and Health Ins. Co.*, No. 23-cv-00894, 2025 WL 2741458, at *2 (C.D. Cal. Mar. 4, 2025) ("Here, Plaintiff filed properly the First Amended

1    Complaint with the court's leave under Rule 15(a)(2). Plaintiff filed properly the Second Amended

2    Complaint with the court's leave under Rule 15(a)(2).") (internal citations omitted).

3          Second, it is equally clear that the Court did not grant Plaintiff leave to file his TAC. In

4    fact, the Court's November 21, 2025 order stated that it was granting "leave to amend [Plaintiff's]

5    complaint *a second and final time*." ECF 27 at 9 (emphasis added). Plaintiff's SAC exercised his

6    "second and final" leave to amend. *See* ECF 28. Thus, the subsequent TAC, ECF 30, is not

7    proper pursuant to Rule 15(a)(2) and may be stricken unless it complies with Rule 15(a)(1). *See*

8    *Rothschild v. Gildred*, No. 23-cv-02105, 2025 WL 1755441, at *2 (N.D. Cal. June 25, 2025)

9    ("Plaintiff's failure to obtain the Court's leave to amend is sufficient grounds to strike the Third

10   Amended Complaint.").

11         However, the Court finds that Plaintiff's TAC is proper under Rule 15(a)(1) because

12   Plaintiff has not previously exhausted his right to amend "as a matter of course." *See Ramirez*,

13   806 F.3d at 1008 ("The Plaintiff's 15(a)(2) amendment, filed first in time, cannot be construed as a

14   waiver or exhaustion of his automatic right to amend under 15(a)(1), so long as that amendment

15   was timely."). The TAC is also timely pursuant to Rule 15(a)(1) because Defendants have not

16   filed a responsive pleading (nor could they, since they have not yet been served). *See Ocampo v.*

17   *Apple Inc.*, No. 20-cv-05857, 2021 WL 796269, at *2 (N.D. Cal. Mar. 2, 2021) (allowing second

18   amended complaint "as a matter of course" previous amendment under Rule 15(a)(2)). Thus, the

19   Court's leave is not required. *See* Fed. R. Civ. P. 15(a)(1)(B). *See California Spine*, 2025 WL

20   2741458, at *2 (accepting operative third amended complaint when "[p]laintiff had not previously

21   amended . . . 'as a matter of course'").

22         Accordingly, the TAC is proper under Rule 15(a)(1)(B). Even though the Court did not

23   grant Plaintiff leave to amend a third time, Plaintiff exercised his right to amend "as a matter of

24   course." Fed. R. Civ. P. 15(a)(1)(B). Thus, the Court accepts the TAC, ECF 30, as the operative

25   complaint. *See Ramirez*, 806 F.3d at 1008 ("Amended complaints supersede the original.").

26   / / /

27   / / /

28   / / /

**B.   Plaintiff's Third Amended Complaint is Dismissed for Lack of Subject Matter Jurisdiction**

Because Plaintiff is proceeding *in forma pauperis*, the TAC is subject to 28 U.S.C. § 1915(e)(2) screening. *See Giselle N. v. Kijakazi*, 694 F. Supp. 3d 1193, 1195 (N.D. Cal. 2023) ("Any complaint filed pursuant to the IFP provisions of § 1915(a) is subject to mandatory review by the Court.").

A complaint must be dismissed under Section 1915 where there is no subject matter jurisdiction. *See Castillo*, 207 F.3d at 15 (citation omitted); *see also Pratt*, 807 F.2d at 819 (recognizing that dismissal is warranted on Section 1915 review where subject matter jurisdiction is lacking). Regarding jurisdiction of claims related to removal proceedings, "Congress intended to channel all claims arising from removal proceedings . . . to the federal courts of appeals and bypass the district courts." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1033 (9th Cir. 2016). The "zipper clause" in 8 U.S.C. § 1252(b)(9) states: "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought to remove an alien from the United States* under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9) (emphasis added). The Supreme Court identified three types of claims that "arise from" removal proceedings: when a plaintiff challenges (1) a final removal order, (2) the government's decision to seek to remove them in the first place, or (3) any part of the process by which their removability will be decided. *Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018). The jurisdiction stripping provisions apply in these three circumstances. *Id.*

Plaintiff has now amended his complaint to identify the Federal officers from whom he seeks relief and the contours of his mandamus request are clear. Plaintiff's claims fall into the third category described in *Jennings*: a challenge to the process by which the immigration court will decide his removability. As such, the Court lacks subject matter jurisdiction over the TAC.

First, Plaintiff's request for adjudication of his asylum application is embedded in a request for the immigration court to expedite his removal proceedings. Plaintiff concedes that he is an "asylum seeker in removal proceedings before the San Francisco Immigration Court." ECF 30 ¶ 13. As a result, USCIS referred Plaintiff's asylum application to EOIR. *Id.* ¶ 25. The asylum

7

application will now be adjudicated along with the merits of Plaintiff's removability. *See id.* ¶¶ 13–20, 25–28 (describing referral of asylum application to "EOIR's jurisdiction" on the day Notice to Appear was filed and removal proceedings commenced). Thus, Plaintiff's allegations of unreasonable delay are a direct challenge to the "process by which [his] removability will be determined." *See Jennings*, 583 U.S. at 294; ECF 30 ¶ 35 (recognizing that Plaintiff's removal proceedings and "adjudication of Plaintiff's asylum and related protection claims" are linked). Plaintiff's TAC alleges that EOIR unreasonably delayed by "deferring Plaintiff's first Master Calendar Hearing by nearly three years." ECF 30 ¶¶ 34–35. As a result, Plaintiff's accompanying asylum application remains "in limbo with no merits hearing scheduled for almost three years after the [Notice to Appear]." *Id.* ¶ 35. Accordingly, these claims challenge the immigration court's process with respect to scheduling removal proceedings and are barred by 8 U.S.C. § 1252(b)(9).

At first glance, Plaintiff's mandamus request appears to resemble other lawsuits that seek an order compelling USCIS to adjudicate pending asylum applications. However, Plaintiff's case is different for two reasons. First, USCIS no longer has jurisdiction over Plaintiff's asylum application. *See* ECF 30 at 1. Plaintiff seeks relief from EOIR, immigration court officials, and the Attorney General instead. *See id.*; 8 C.F.R. § 1208.2(b) (granting immigration judges "exclusive jurisdiction over asylum applications" filed by noncitizens served with a Notice to Appear). Second, Plaintiff is in removal proceedings, which means that "all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States" are subject to judicial review only "in judicial review of a final order." 8 U.S.C. § 1252(b)(9). In other words, claims arising out of Plaintiff's removal proceedings can only be raised *after* a final order is issued by immigration court. *See J.E.F.M.*, 837 F.3d at 1030 (holding district court lacked jurisdiction to hear access to counsel claims for noncitizens in pending removal proceedings). These claims "must be raised through the [petition for review] process" filed with a federal court of appeals. *Id.* at 1033. Accordingly, Plaintiff must wait until his removal proceedings are complete to challenge EOIR's decisions about his removability and immigration benefits. *See* ECF 30 ¶ 48 (alleging Plaintiff's first master calendar hearing scheduled for April 12, 2028).

8

Second, to the extent that Plaintiff intends to use this case to challenge access to documents in immigration court, the Court finds that these claims are also barred. *See, e.g.*, ECF 28 (discussing without argument EOIR's "refusal to provide access to Plaintiff's own immigration records and sealed filings"). The Ninth Circuit has recognized that § 1252(b)(9) is "'breathtaking' in scope and 'vise-like' in grip and therefore swallows up virtually all claims that are tied to removal proceedings." *See J.E.F.M.*, 837 F.3d at 1031 (citing *Aguilar v. ICE*, 510 F.3d 1, 9 (1st Cir. 2007)). EOIR's policies regarding the sealing of documents in removal proceedings are "part of the process" by which Plaintiff's removability will be determined. *See Jennings*, 583 U.S. at 294. Accordingly, these claims are beyond the Court's jurisdiction as well.

The Court recognizes that the statutory scheme "might seem draconian at first glance." *J.E.F.M.*, 837 F.3d at 1032. The statute creates limits on judicial review for asylum applicants in removal proceedings that do not exist for applicants under USCIS's jurisdiction. *Id.* Noncitizens whose asylum applications are pending with USCIS may bring mandamus claims to the district court. *See Su v. Mayorkas*, 698 F. Supp. 3d 1168, 1175 (N.D. Cal. 2023). However, Congress "consolidate[ed] judicial review of immigration proceedings into one action in the court of appeals." *Matias v. Garland*, No. 21-cv-05734, 2021 WL 3409253, at *3 (N.D. Cal. Aug. 4, 2021). Thus, district courts lack jurisdiction to rule on mandamus claims arising from removal proceedings. *Id.* (holding court lacks jurisdiction to hear claim alleging unreasonable delay in adjudication of motion to reopen because claim "aris[es] from" plaintiff's removal proceeding).

Dismissal of this case may be frustrating to Plaintiff. The Court dismissed Plaintiff's claims in a related case against USCIS as moot after USCIS referred his asylum application to EOIR. *See Nordheim v. USCIS*, No. 25-cv-4701 at ECF 45, 49. However, "[f]ederal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal quotation marks omitted)). In the first case, the Article III principles limited the Court. *See Nordheim v. USCIS*, No. 25-cv-4701 at ECF 45. Mootness doctrine prevented Plaintiff from seeking relief from USCIS when USCIS no longer had jurisdiction over Plaintiff's asylum application. *See id.* In the instant action, Congress's express restriction of jurisdiction limits the Court. 8 U.S.C. § 1252(b)(9) overrides the

1    general jurisdictional principles that allow courts to rule on mandamus actions and "compel" an

2    agency to perform a duty. *See Matias*, 2021 WL 3409253, at *3 (holding 8 U.S.C. § 1252(b)(9)

3    deprives the Court of mandamus jurisdiction when claim arises out of removal proceedings).

4          Further, the Court finds that no amendment can cure the Court's lack of jurisdiction

5    because Plaintiff's removal proceedings are still pending. Accordingly, leave to amend would be

6    futile. *See Gaspard v. Toms*, No. 18-cv-05516, 2019 WL 2123589, at *5 (N.D. Cal. May 15,

7    2019) (denying leave to amend as futile where "no set of facts" could provide the court with

8    subject matter jurisdiction). Plaintiff may raise claims related to his removal proceedings pursuant

9    to the petition for review process when his removal proceedings are complete. *See* 8 U.S.C. §

10   1252(a)(5). First, if an immigration judge denies Plaintiff's asylum application and determines

11   that he is removable, Plaintiff may appeal to the Board of Immigration Appeals. *See* 8 C.F.R. §

12   1003.1(b). Following review at the Board of Immigration Appeals, Plaintiff may petition for

13   review at the Ninth Circuit. 8 U.S.C. § 1252(a).

14         Accordingly, the Court dismisses Plaintiff's TAC with prejudice. *See Straw v. Facebook*,

15   No. 24-cv-08625, 2025 WL 2597018, at *3 (N.D. Cal. Sept. 8, 2025) (dismissing matter as

16   frivolous under § 1915 where complaint fails to establish jurisdiction); Fed. R. Civ. P. 12(h)(3)

17   ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must

18   dismiss the action.").

### IV. BECAUSE THE COURT LACKS JURISDICTION OVER THIS ACTION, THE COURT DENIES PLAINTIFF'S REMAINING MOTIONS

21         Because the Court lacks jurisdiction over this action, the Court denies Plaintiff's first

22   motion to expedite, ECF 29, second motion to expedite, ECF 32, motion for reconsideration, ECF

23   33, and motion for leave to appear in person at the initial case management conference, ECF 34.

24   *Jurado v. Ramirez*, No. 20-cv-08602, 2021 WL 3771783, at *3 (N.D. Cal. Aug. 24, 2021)

25   (denying all pending motions where action dismissed with prejudice); *Uhuru v. Benavidez*, No.

26   22-cv-07058, 2023 WL 360231, at *3 (N.D. Cal. Jan. 23, 2023) (same).

27         Further, because the Court dismisses Plaintiff's TAC with prejudice, Plaintiff's request for

28   assistance from the U.S. Marshal to effectuate service, ECF 31, is denied as moot.

## V. CONCLUSION

For the reasons stated herein, the Court **DISMISSES as MOOT** Plaintiff's SAC and **SCREENS** and **DISMISSES WITH PREJUDICE** Plaintiff's TAC for lack of subject matter jurisdiction. The Court lacks jurisdiction over Plaintiff's claims challenging the process by which the immigration court conducts his removal proceedings. Because the Court lacks subject matter jurisdiction, the Court **DENIES** all pending motions.

This order resolves ECF 28; ECF 29; ECF 31; ECF 32; ECF 33; ECF 34.

The Clerk of the Court is ordered to terminate the action.

IT IS SO ORDERED.

Dated: December 12, 2025

TRINA L. THOMPSON
United States District Judge